


November 7, 2019

**Via Electronic Mail**

Freedom of Information Act Office
U.S. Immigration and Customs Enforcement
500 12th Street, SW, Stop 5009
Washington, D.C. 20536-5009
ice-foia@dhs.gov

      Re:      FOIA Request Case No. 2020-ICFO-06994

To whom it may concern:

On October 16, 2019, the American Civil Liberties Union of Massachusetts (the "ACLUM") and Lawyers for Civil Rights Boston ("LCR") submitted a request (the "Request") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  The Request sought five categories of records concerning the Warrant Service Officer ("WSO") program, which was announced by U.S. Immigration and Customs Enforcement ("ICE") earlier this year.[1]  The requested categories of records were:

1. ICE's policies, procedures, instructions, and other guidance for the WSO program.

2. All Memoranda of Agreement and other contracts executed by ICE in connection with WSO program, including with any state or local government entity.[2]

3. All communications and correspondence, including without limitation electronic mail, between ICE and any state or local governmental entity located in Massachusetts concerning the WSO program.

---

[1] https://www.ice.gov/news/releases/ice-launches-program-strengthen-immigration-enforcement

[2] The Request defined the term "state or local government entity" to mean any state agency, any state court system, any sheriff's department, any municipality, and/or any state or local police department, and all components and subdivisions thereof.

Freedom of Information Act Office
November 7, 2019

    4. All records concerning the implementation of the WSO program in Massachusetts, including without limitation: (a) records concerning the number of people detained or arrested in Massachusetts in connection with the program; and (b) records documenting any payments made to any state or local government entity in Massachusetts in connection with the program.

    5. Any record containing an analysis of the legal basis for and/or legality of the WSO program, including without limitation: (a) any analysis of the authorization for the program under any federal statute or appropriation; and (b) any analysis of the legality of any state or local government entity's participation in the program under state, federal, or local law.

    On November 6, 2019, ICE sent an email designating the Request as Case Number 2020-ICFO-06994. The email further stated that, pursuant to 6 C.F.R. § 5.3(b), ICE "determined that [the Request] is too broad in scope, did not specifically identify the records which you are seeking, or only posed questions to the agency." The email stated that "[w]henever possible, a request should include specific information about each record sought, such as the date, title or name, author, recipients, and subject matter of the records, if known, or the ICE program office you believe created and/or controls the record." The email further stated that "this action is not a denial of your request," and requested that ACLUM and LCR "resubmit [the Request] containing a reasonable description of the records" sought.

    ACLUM and LCR will not resubmit the Request. The cited regulation requires that requesters "describe the records sought in sufficient detail to enable DHS personnel to locate them with a reasonable amount of effort." 6 C.F.R. § 5.3(b). "A reasonable description contains sufficient information to permit an organized, non-random search for records based on the component's filing arrangements and existing retrieval systems." *Id.* Here, ACLUM and LCR have requested contracts, policies, procedures, communications, and other records concerning the formulation and implementation of a specific new program, which ICE itself recently announced. It appears that ICE's record-keeping system designates which records pertain to this program—for example, ICE's public roster of Section 287(g) agreements now lists (but does not provide copies of) several contracts specifically identified as "Warrant Service Officer" agreements.[3] To the extent certain records, such as e-mail communications, are not designated in this manner, they can be readily retrieved via the use of search terms, which we would be happy to discuss with your office.

    Further, in an effort to accelerate this process, we have made a search of ICE's website for the additional information requested by the November 6, 2019 e-mail, but it appears to us the ICE has not yet publicly disclosed the "date, title or name, author, [or] recipients" of any of the requested records, nor does it appear that ICE has publicly identified the particular program office that created or

---

[3] https://www.ice.gov/287g#signedMOA

Freedom of Information Act Office
November 7, 2019

controls these records.  The only relevant additional information we have located is the list of "Warrant Service Officer"-type contracts contained on ICE's public roster of Section 287(g) agreements, which is available at [https://www.ice.gov/287g#signedMOA](https://www.ice.gov/287g#signedMOA).  It consequently appears to us that the additional categories of information requested by ICE's November 6, 2019 e-mail are non-public and solely within ICE's control, and we regrettably cannot provide them.

  Accordingly, for all the foregoing reasons, the Request adequately describes the requested records, and ACLUM and LCR respectfully request that ICE determine immediately whether it will comply with the Request and produce forthwith all responsive records.

  Thank you for your prompt attention to this matter.  We reserve all rights.

Sincerely,

| | |
|---|---|
| */s/ Daniel L. McFadden* | */s/ Oren Nimni* |
| Daniel L. McFadden | Oren Nimni |
| Staff Attorney | Staff Attorney |
| ACLU of Massachusetts | Lawyers for Civil Rights |