UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF MASSACHUSETTS and LAWYERS FOR CIVIL RIGHTS, | |
| Plaintiffs, | Case No. 19-cv-12564 MBB |
| v. | **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| U.S. DEPARTMENT OF HOMELAND SECURITY and | |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, | |
| Defendants. | |

## DEFENDANTS' ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Pursuant to Rule 8, Federal Rules of Civil Procedure, Defendants, the Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE") (collectively referred to as "Defendants"), by and through its attorneys, hereby responds to Plaintiffs American Civil Liberties Union of Massachusetts ("ACLUM") and Lawyers for Civil Rights ("LCR") (collectively referred to as "Plaintiffs") Complaint as follows:

## INTRODUCTION

1. The allegations contained in Paragraph 1 consist of Plaintiffs' characterization of this action and Plaintiffs' conclusions of law, to which no response is required. To the extent that a response is required, Defendants admit that this action purports to be brought under the Freedom

of Information Act (FOIA), 5 U.S.C. § 5a52, *et seq*, and Defendant denies the remaining allegations.

2. DHS admits that ACLUM submitted a FOIA request concerning Gang Profiling dated June 20, 2019, to DHS which it transferred to ICE. ICE admits it received Plaintiffs' FOIA concerning Gang Profiling on June 21, 2017 and assigned Case Number 2019-ICFO-44476. The remaining allegations contained in Paragraph 2 consist of Plaintiffs' description of the FOIA request, to which no response is required. To the extent that a response is required, Defendants deny the allegations and respectfully refers the Court to the Gang Profiling FOIA request (exhibit A) for a complete and accurate description of its content.

3. ICE admits that Plaintiffs' submitted a FOIA request concerning the Warrant Service Officer (WSO) Program dated October 16, 2019 which was assigned Case Number 2019-ICFO-06994. The remaining allegations contained in Paragraph 3 consist of Plaintiffs' description of the FOIA request, to which no response is required. To the extent that a response is required, Defendants deny the allegations and respectfully refer the Court to the WSO FOIA request (exhibit F) for a complete and accurate description of its content.

4. The allegations contained in Paragraph 4 consist of Plaintiff's characterization of the status of its requests. To the extent that a response is required, Defendants deny the allegations.

5. The allegations contained in Paragraph 5 consist of Plaintiffs' characterization of this action and do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is required, Defendants deny the allegations.

6. The allegations contained in Paragraph 6 consist of Plaintiffs' characterization of this action and do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is required, Defendants deny the allegations.

7. The allegations contained in Paragraph 7 consist of Plaintiffs' characterization of this action and do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is required, Defendants deny the allegations.

8. The allegations contained in Paragraph 8 consist of Plaintiffs' conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

## PARTIES

9. The allegations contained in Paragraph 9 consist of Plaintiffs' characterization of itself and do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny the allegations.

10. The allegations contained in Paragraph 10 consist of Plaintiffs' characterization of itself and do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny the allegations.

11. Defendants admit that the U.S. Department of Homeland Security (DHS) is a department of the government of the United States of America (the "U.S." or "United States").

12. Defendants admit that U.S. Immigration and Customs Enforcement (ICE) is a component of DHS.

## JURISDICTION AND VENUE

13. The allegations contained in Paragraph 13 consist of Plaintiffs' conclusions of law regarding jurisdiction, to which no response is required. To the extent that a response is required, Defendants admit that this action purports to be brought pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331, and that this court has subject matter jurisdiction.

14. The allegations contained in Paragraph 14 consist of Plaintiffs' conclusions of law regarding venue, to which no response is required. To the extent that a response is required, Defendants admit that this action purports to be brought pursuant to the FOIA, 5 U.S.C. § 552(a)(4)(B) and deny the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

## FACTS

### A. Gang Profiling Request

15. Defendants admit that ACLUM submitted the Gang Profiling FOIA to DHS on June 20, 2019 and DHS transferred the Gang Profiling FOIA request to ICE on June 21, 2019. Defendants deny the allegations in this paragraph to the extent inconsistent with the content of DHS's June 21, 2019 response to Plaintiff.

16. The allegations contained in Paragraph 16 consist of ACLUM's characterization of its Gang Profiling FOIA request. To the extent a response is required, ICE refers to ACLUM's Gang Profiling FOIA request for a complete and accurate description of its content and denies the allegations in this paragraph to the extent inconsistent with the content of the Gang Profiling FOIA request.

17. DHS admits the allegations contained in Paragraph 17, and respectfully refers to DHS's response.

18. The allegations contained in Paragraph 18 consist of ACLUM's characterization of ICE's July 1, 2019 e-mail response. To the extent a response is required, ICE denies the allegations in this paragraph to the extent inconsistent with the content of that email.

19. ICE admits the allegation contained in Paragraph 19.

20. The allegations contained in Paragraph 20 consists of ACLUM's characterization of ICE's Aug. 9, 2019 letter regarding ACLUM's appeal. ICE denies the allegations in this paragraph to the extent inconsistent with the content of ICE's letter.

21. ICE admits that as of the date of this Complaint it has not provided any responsive records to ACLUM.

### B. WSO Request

22. ICE admits the allegation contained in paragraph 22 and refers to the WSO FOIA request for a complete and accurate description of its content.

23. The allegations contained in paragraph 23 consist of Plaintiffs' characterization of its WSO FOIA request. To the extent a response is required, ICE respectfully refers the Court to Plaintiffs' WSO FOIA request and denies the allegations in this paragraph to the extent inconsistent with the content of the WSO FOIA request.

24. The allegations contained in paragraph 24 consist of Plaintiffs' characterization of ICE's Nov 6, 2019 e-mail response. To the extent a response is required, ICE refers to the e-mail for a complete and accurate description of its content and denies the allegations in this paragraph to the extent inconsistent with the content of that document.

25. The allegations contained in paragraph 25 consist of Plaintiffs' characterization of its Nov. 7, 2019 e-mail. To the extent a response is required, ICE denies the allegations and refers to that document for a complete and accurate description of its content.

26. The allegations contained in paragraph 26 consist of Plaintiffs' characterization of ICE's Dec. 5, 2019 e-mail. ICE denies the allegations and refers to that document for a complete and accurate description of its content.

27. ICE admits that as of the date of this Complaint, it has not provided any responsive records to Plaintiffs.

## CLAIM FOR RELIEF

### Count 1: Violation of FOIA 5 U.S.C. § 552

28. Defendants incorporate by reference its responses to all preceding paragraphs.

29. The allegations contained in Paragraph 29 consist of Plaintiffs' conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

30. The allegations contained in Paragraph 30 consist of Plaintiffs' conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

31. The allegation contained in Paragraph 31 consist of Plaintiffs' conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

## PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiffs' Prayer for Relief, to no response is required. To the extent that a response is required, Defendants deny the allegations in the Prayer for Relief, and deny that Plaintiffs' are entitled to any of the relief requested in Paragraphs 1 through 31, or to any relief whatsoever from the Defendants.

# AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Any information that Defendants have withheld, or will withhold, in response to Plaintiffs' FOIA requests may be exempt in whole or in part from public disclosure under the FOIA, 5 U.S.C. § 552 *et seq.*, and the Privacy Act, 5 U.S.C. § 552(a), *et seq*.

### THIRD AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over any matter to the extent Plaintiffs failed to satisfy prerequisites to suit, as well as over any requests or allegations that are not contained in a FOIA request at issue in this action.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have not alleged sufficient factual and/or legal bases for its request for costs and/or attorney's fees.

### F'IFTH AFFIRMATIVE DEFENSE

Plaintiffs' requests submitted under FOIA, 5 U.S.C. § 552, as amended, do not reasonably describe the records sought.

### SIXTH AFFIRMATIVE DEFENSE

There is no provision of the FOIA for obtaining declaratory relief. At all times alleged in the Complaint, Defendants were acting in good faith, with justification, and pursuant to authority.

Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses

contained in this Answer as the facts and circumstances giving rise to the Complaint become known through the course of the litigation.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray that:

1. Plaintiffs take nothing by this Complaint;

2. This Complaint be dismissed with prejudice;

3. No injunctive relief be awarded to Plaintiffs;

4. Defendants be awarded its costs of suit;

5. Judgment be entered in favor of Defendants;

6. The Court grant such other and further relief as it may deem proper.

Respectfully submitted,

*/s/ Anita Johnson*

ANITA JOHNSON

Assistant United States Attorney

United States Attorney's Office,

One Courthouse Way
Boston, MA 02210
617-748-3266
Anita.johnson@usdoj.gov

Certificate of Service

I certify that the foregoing will be filed through the electronic filing system of the Court, which system will serve counsel for Plaintiff electronically, on this 27th day of January 2020.

*/s/ Anita Johnson*
Assistant U.S. Attorney