UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF MASSACHUSETTS and LAWYERS FOR CIVIL RIGHTS,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Defendants. | C.A. No. 19-12564-MBB |

**PLAINTIFFS' AMENDED STATUS REPORT**

Plaintiffs[1] hereby submit the following amended status update in response Defendants' late-filed status update, D. 23. Since the last status conference on April 10, Defendants *have not produced a single document* in response to the WSO Request. In response to the Gang Profiling Request, which Plaintiffs submitted a year ago, Defendants have reviewed and produced only 99 pages total.[2] Moreover, Defendants have either (1) refused to commit to deadlines or (2) failed to comply with self-imposed deadlines,[3] including:

---

[1] Defined terms shall have the same meaning as in Plaintiffs' complaint, D. 1.

[2] Defendants have proposed a rate of production of 500 pages per month. D. 23 at 2. Their current rate of review and production for the Gang Profiling Request (50 pages per month since April 10) represents only 10% of Defendants' own proposal for production.

[3] Defendants assert that their delays are attributable to COVID-19, D. 23 n.1, but Defendants imposed these deadlines on themselves in documents filed weeks *after* President Trump declared a national emergency on March 13, 2020.

| Category | Deadline | Status |
|---|---|---|
| **Completion of Search** for documents responsive to Gang Profiling Request | April 1,[4] extended to April 15[5] | Still outstanding |
| **Document and page counts** for number of documents responsive to Gang Profiling Request | April 30[6] | Still outstanding |
| **Initial Production** of documents responsive to Gang Profiling Request | May 30[7] | June 8 (production of 99 pages) |
| Production of **Policy Directives** responsive to subpart #10 of Gang Profiling Request | "Soon" as of April 10[8] | Still outstanding[9] |
| Firm **deadline** for completion of production of documents responsive to Gang Profiling Request | N/A | Still outstanding |
| Firm **deadline** for completion of production of documents responsive to WSO Request | N/A | Still outstanding |

---

In the same footnote, Defendants also allege that "Plaintiffs are incorrect regarding the timeline that they suggest was promised for Defendants' production of documents," *id.*, but do not cite a single source to support their allegation. Plaintiffs have provided citations for each self-imposed deadline in the table above.

[4] D. 13 at 4.

[5] D. 17 at 3.

[6] *Id.*

[7] *Id.*

[8] Oral representation by counsel for Defendants at 4/10/2020 status conference.

[9] Defendants represent that they will produce 500 pages from the "groups of documents" that include the remainder of documents responsive to the WSO Request and documents responsive to subpart #10 of the Gang Profiling Request (5,460 pages total) by June 30. D. 23 at 2. Thus, it is unclear whether Defendants propose to produce documents responsive to both requests or to only one request on June 30. Regardless, pursuant to Defendants' proposed schedule, they will not complete this subset of the document production *for almost another year.*

Because Defendants' own deadlines have not been effective to ensure Plaintiffs receive the requested documents in a timely manner, Plaintiffs request that the Court set firm deadlines for production for both the WSO Request and the Gang Profiling Request.

<u>WSO Request</u>: Defendants report that there are 181 documents totaling 829 pages remaining.[10] Plaintiffs propose that Defendants produce all responsive, non-exempt documents to Plaintiffs by **July 15, 2020**, and produce an accompanying *Vaughn* index by **August 1, 2020**.

<u>Gang Profiling Request</u>: Plaintiffs sent the Gang Profiling Request in June 2019 – a full year ago – and have received only 99 pages of documents. Defendants have also failed to provide document and page counts for the Gang Profiling Request.[11] Plaintiffs propose that Defendants provide document and page counts for responsive documents by **June 12, 2020**. After providing these document and page counts, both Plaintiffs and Defendants should submit supplemental status updates to the court regarding a proposed schedule for completing the production. Plaintiffs further propose that Defendants respond to the following discrete categories of requests by **July 15, 2020**: #4 (East Boston High School documents), #7 (Operation Matador), and #10 (policy directives).

Date: June 9, 2020                                    Respectfully Submitted,

*/s/ Lauren Godles Milgroom*
Joel Fleming (BBO# 685285)
Lauren Godles Milgroom (BBO# 698743)
Block & Leviton LLP
260 Franklin St., Suite 1860
Boston, MA 02110
(617) 398-5600
joel@blockesq.com
lauren@blockesq.com

---

[10] Email from Defendants' counsel to Plaintiffs' counsel dated 5/29/2020.

[11] The one exception is the combined figure of 5,460 pages for the WSO Request and subpart #10 of the Gang Profiling Request. *See* n.9, *infra*.

*Attorneys for Plaintiffs, American Civil Liberties Union Foundation of Massachusetts and Lawyers for Civil Rights*

Matthew R. Segal (BBO #654489)
Daniel L. McFadden (BBO #676612)
American Civil Liberties Union
Foundation of Massachusetts, Inc.
211 Congress Street
Boston, MA 02110
(617) 482-3170
msegal@aclum.org
dmcfadden@aclum.org

Oren Nimni (BBO #691821)
Lawyers for Civil Rights
61 Batterymarch St.
Boston, MA 02110
(617) 988-0606
onimni@lawyersforcivilrights.org

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing will be filed through the electronic filing system of the Court, which system will serve counsel of record, on June 9, 2020.

*/s/ Lauren Godles Milgroom*
Lauren Godles Milgroom