# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF MASSACHUSETTS and LAWYERS FOR CIVIL RIGHTS, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT, <br><br> Defendants. | C.A. No. 19-12564-MBB |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S PROPOSED ORDER

Defendant U.S. Immigration and Customs Enforcement ("ICE") responds to Plaintiff's Submission of Proposed Order and Proposed Order as follows:

Defendant understands that the Court will order Defendant to produce documents responsive to the second Freedom of Information Act request in this action, the Warrant Service Officer program request, numbers 1 and 5, by July 31, 2020. Defendant has already produced the documents responsive to number 2 of this request, 51 documents comprised of approximately 612 pages (Number 2 requested "All Memoranda of agreement and other contracts executed by ICE in connection with the WSO program, including any state or local government entity."). *See* Complaint ¶ 23.

Plaintiff appears to question whether ICE production in response to numbers 4 and 5 of the WSO request would take any time for ICE to review and prepare for production because,

Plaintiff asserts, ICE has not implemented a WSO program in Massachusetts. The undersigned will respond to this question in the immediate future, when she is able to contact ICE counsel, who is out of the office in connection with the holiday. However, the answer to the question does not affect ICE's report to the Court that it has conducted its search of the documents requested by the WSO request, Complaint at 8-9, and, as reported to the Court, has located 5460 pages of responsive documents to the WSO request and number 10 of the Gang Profiling Request. Plaintiff has requested that ICE break down how many of the 5460 documents are responsive to each individual request, but, once ICE has reached out to its component parts and received responsive documents, the 5460 responsive documents are not subdivided by request numbers, and, moreover, many documents are likely to be responsive to more than one request.

Today, Plaintiff informed the undersigned that it is unwilling to accept narrowing of its requests in the Gang Profiling request, Complaint at 5-6. As the Court suggested that the parties do, Defendant proposed a number of narrowings in its June 9, 2020, letter to Plaintiff and Defendant proposed additional narrowings in an email to Plaintiff on June 30, 2020 (Plaintiff proposed a narrowing of request 7, which ICE found reasonable). The requests as written are extremely broad and would take a huge amount of time and public resources to respond to (a number of the requests don't even have a time frame, and a number ask for five years of documents; others ask for communications between multiple agencies and on all topics). The requests do not evidence that Plaintiff has a specific subject of inquiry in mind. Defendant suggests that the Court renew its instructions encouraging Plaintiff to narrow its requests, accepting ICE's suggestions or making its own, substantial narrowing suggestions.[1]

---

[1] In FOIA cases involving expansive requests, ICE typically engages in discussions with the plaintiff as the ongoing search is underway, with a goal of conforming production to what specific information plaintiff seeks, thereby, as noted above, shortening the production time and

Respectfully Submitted,

ANDREW E. LELLING
United States Attorney

By:   */s/ Anita Johnson*
ANITA JOHNSON
Assistant United States Attorney
United States Attorney's Office
John Joseph Moakley U.S. Courthouse
One Courthouse Way - Suite 9200
Boston, MA 02210
(617) 748-3266
Anita.Johnson@usdoj.gov

<u>Certificate of Service</u>

I certify that the foregoing will be filed through the electronic filing system of the Court, which system will serve electronically all counsel of record, on this first day of July 2020.

*/s/ Anita Johnson*
Assistant U.S. Attorney

---

the public expense.  In this case, ICE searches of Gang Profiling documents that have not already been produced, would occur after the production of WSO requests has occurred.