**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

AMERICAN CIVIL LIBERTIES UNION OF MASSACHUSETTS and LAWYERS FOR CIVIL RIGHTS,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT,

Defendants.

C.A. No. 19-12564-MBB

**PLAINTIFFS' AMENDED STATUS REPORT**

At the status conference on June 30, 2020, the Court ordered Defendants[1] to complete production of Parts 1, 2, and 5 of the WSO Request to Plaintiffs by July 31, 2020.[2]

The deadline came and went, and Defendants failed to produce a single page.

At the same status conference, the Court ordered Defendants to report to Plaintiffs the number of outstanding documents and pages for *each subpart* of the Gang Profiling Request, also by July 31, 2020.

Defendants have refused to disclose a single number.

[1] Defined terms shall have the same meaning as in Plaintiffs' complaint, D. 1.

[2] Defendants agree with the scope of the Court's order for production by July 31, 2020. *See* Def. Response, D. 32 at 1.

Then, on August 3, 2020, Defendants informed Plaintiffs that they had physically mailed WSO documents to Plaintiffs' counsel, with an expected arrival date of Saturday, August 1. Plaintiffs did not receive the documents in the mail, but counsel for Defendants emailed the production (the "August 3 Production") to Plaintiffs yesterday afternoon, after Plaintiffs had filed their status report.

The August 3 Production contains 231 pages—the majority of which are 100% redacted. Plaintiffs understand the August 3 Production to contain some WSO documents, but *not* the complete set of policy documents responsive to the WSO Request, Parts 1 and 5, which the Court ordered to be produced by July 31.[3, 4]

Those Requests sought:

> 1. ICE's policies, procedures, instructions, and other guidance for the WSO program; and
>
> 5. Any record containing an analysis of the legal basis for and/or legality of the WSO program, including without limitation: (a) any analysis of the authorization for the program under any federal statute or appropriation; and (b) any analysis of the legality of any state or local government entity's participation in the program under state, federal or local law.[5]

Plaintiffs have attached the production for the Court's review.[6]

Aside from the completely redacted pages, the August 3 Production contains a template memorandum of agreement (2020-ICLI-00018 625 – 652) and a heavily redacted WSO training manual (2020-ICLI-00018 707 – 747), as well as a handful of redacted emails. Plaintiffs have

---

[3] The WSO Request, Part 2, also requested policy documents. Counsel for Defendants, however, represents that all documents responsive to Part 2 are available on ICE's website.

[4] By Defendants' own admission, "another agency/component" is still reviewing WSO policy documents, meaning the August 3 Production is incomplete. *See* Ex. A, WSO Production Cover Letter at 1.

[5] D. 1 at 8-9.

[6] The August 3 Production is attached as Ex. B.

requested clarification on the scope of the production from Defendants' counsel but have not heard back, despite receiving other emails from counsel in the interim. It appears, therefore, that Defendants have once again failed to meet the deadline for production—this time in direct violation of the Court's order.

The Gang Profiling Request has now been pending for over a year. The WSO Request has been pending for almost as long. Defendants have repeatedly failed to comply with both their own, self-imposed deadlines and now the Court's Orders, as shown below:

| Category | Defendants' Self-Imposed Deadline | Court-Imposed Deadline | Status |
| --- | --- | --- | --- |
| **Document and page counts for number of documents responsive to Gang Profiling Request** | **April 30[7]** | **July 31, 2020[8]** | **Still outstanding** |
| **Production of Policy Directives responsive to subparts 1, 2, and 5 of WSO Request** | | **July 31, 2020[9]** | **Still outstanding** |
| Completion of Search for documents responsive to Gang Profiling Request | April 1,[10] extended to April 15[11] | | Still outstanding |
| Initial Production of documents responsive to Gang Profiling Request | May 30[12] | | June 8 (production of 99 pages) |

---

[7] D. 17 at 3.

[8] Ordered orally at 6/30/2020 Status Conference.

[9] Ordered orally at 6/30/2020 status conference.

[10] D. 13 at 4.

[11] D. 17 at 3.

[12] *Id.*

| Category | Defendants' Self-Imposed Deadline | Court-Imposed Deadline | Status |
|---|---|---|---|
| Production of Policy Directives responsive to subpart #10 of Gang Profiling Request | "Soon" as of April 10[13] | | Partial completion July 1[14] |
| Firm deadline for completion of production of documents responsive to Gang Profiling Request | N/A | | Still outstanding |
| Firm deadline for completion of production of documents responsive to WSO Request | N/A | | Still outstanding |

As the United States District Court for the Eastern District of Pennsylvania explained just two weeks ago in adjudicating a FOIA case against DHS in a similar posture: "[t]he problem for DHS and [its counsel] is that DHS was not free to ignore this Court's Order. . . . DHS' approach here [is] unacceptable. Neither private litigants nor Government agencies are free to disregard this Court's Orders." *Manatt v. U.S. Dep't of Homeland Sec'y*, 2:19-cv-01163-JDW, 2020 WL 4060277, at *7 (E.D. Pa. July 20, 2020). The court in *Manatt* "suspect[ed] that USCIS [a component agency within DHS] does, in fact, have a pattern or practice of violating FOIA" and urged DHS to "use this opinion as a warning to correct its conduct and come into compliance with the statute." *Id.* Plainly that message has not yet been received.

---

[13] Oral representation by counsel for Defendants at 4/10/2020 status conference.

[14] Defendants printed out and mailed in hard copy to Plaintiffs 519 pages of heavily redacted electronic documents on July 1, 2020. The cover letter did not indicate to which parts of Plaintiffs' requests the documents are meant to be responsive, but the production does contain some policy documents that appear responsive to subpart #10 of the Gang Profiling Request. DHS also produced 25 pages of electronic documents to Plaintiffs that appear responsive to the Gang Profiling Request – but do not contain policies responsive to Part #10 – on August 3, 2020.

Plaintiffs ask that the Court enter the attached Proposed Order,[15] ordering that, **by August 19, 2020,** Defendants shall complete the production of documents responsive to the WSO Request in its entirety and report to Plaintiffs the number of outstanding documents and pages responsive to each Part (Parts 1-14) of the Gang Profiling Request. Plaintiffs also reiterate their proposal from the last two status conferences that Defendants complete their production of documents responsive to the following discrete categories of requests for the Gang Profiling Request by **August 31, 2020**: #4 (East Boston High School documents), #7 (Operation Matador), and #10 (policy directives). If Defendants fail to comply with the Court's August 19 and August 31 deadlines, Plaintiffs propose that, as in *Manatt*, the Court "conduct a hearing to determine what remedy is appropriate for DHS's noncompliance with the Court's Order," including "testimony from the most senior DHS official who determined whether and how to comply with this Court's Order."

Date: August 4, 2020

Respectfully Submitted,

*/s/ Lauren Godles Milgroom*______
Joel Fleming (BBO# 685285)
Lauren Godles Milgroom (BBO# 698743)
Block & Leviton LLP
260 Franklin St., Suite 1860
Boston, MA 02110
(617) 398-5600
joel@blockesq.com
lauren@blockesq.com

*Attorneys for Plaintiffs, American Civil Liberties Union Foundation of Massachusetts and Lawyers for Civil Rights*

Matthew R. Segal (BBO #654489)
Daniel L. McFadden (BBO #676612)
American Civil Liberties Union

---

[15] Attached as Ex. C. The Proposed Order is identical to the one Plaintiffs filed yesterday, but Plaintiffs have reattached it here for convenience.

Foundation of Massachusetts, Inc.
211 Congress Street
Boston, MA 02110
(617) 482-3170
msegal@aclum.org
dmcfadden@aclum.org

Oren Nimni (BBO #691821)
Lawyers for Civil Rights
61 Batterymarch St.
Boston, MA 02110
(617) 988-0606
onimni@lawyersforcivilrights.org

**CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing will be filed through the electronic filing system of the Court, which system will serve counsel of record, on August 4, 2020.

*/s/ Lauren Godles Milgroom*
Lauren Godles Milgroom