# Exhibit A

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



July 31, 2020

Lauren Godles Milgroom
Block & Leviton LLP
260 Franklin Street
Suite 1860
Boston, MA 02110

**RE:   ACLU of MA v DHS and ICE 19-cv-12564**
       **ICE FOIA Case Number 2020-ICLI-00018**

Dear Ms. Milgroom:

This letter is the third interim response to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated June 21, 2019.  Your client seeks records relating to the profiling of certain individuals as alleged gang members and the collaboration of Massachusetts state and local law enforcement with DHS in performing such profiling ("Gang Profiling Request") as well as policies, communications, and other records relating to ICE's Warrant Service Officer ("WSO") program ("WSO Request").

ICE has considered your request under the FOIA, 5 U.S.C. § 552

A total of 508 pages of records were reviewed for this production.  The 508 pages of records were located pursuant to a search of the ICE Office of the Principal Legal Advisor (OPLA) and the ICE Office of Policy. Of those 508 pages, ICE determined that 273 pages were deemed non-responsive or duplicative in nature. Additionally, 4 pages require further coordination with another agency/component.  The remaining 231 pages have been marked 2020-ICLI-00018 - 520 through 2020-ICLI-00018 - 612. Upon review, ICE has determined that portions of the 519 pages will be withheld pursuant to FOIA Exemptions 5, 6, 7(C), and 7(E) of the FOIA as described below:

ICE has applied FOIA Exemption 5 to protect from public disclosure intra-agency documents that contain the recommendations, opinions, and conclusions of agency employees, and portions of the responsive documents which qualify for protection under the deliberative process privilege and the attorney-client privilege.

**FOIA Exemption 5** protects from disclosure those inter- or intra-agency documents that are normally privileged in the civil discovery context.  The three most frequently invoked privileges are the deliberative process privilege, the attorney work-product privilege, and the attorney-client privilege.  After carefully reviewing the responsive documents, I have determined that portions of the responsive documents qualify for protection under the deliberative process privilege and

the attorney-client privilege. The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel. The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. It applies to facts divulged by a client to his attorney, and encompasses any opinions given by an attorney to his client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect client-supplied information. The attorney-client privilege is not limited to the context of litigation.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the personally identifiable information of DHS employees and third parties contained within the records.

**FOIA Exemption 6** exempts from disclosure personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. As such, I have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information. Please note that any private interest you may have in that information does not factor into this determination.

ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency law enforcement sensitive investigative techniques and internal agency URLs, agency case numbers, or database codes contained within the records.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions about this letter, please contact Assistant United States Attorney Anita Johnson.

    Sincerely,

    *Dexter E. Johnson/for*

    Catrina Pavlik-Keenan
    FOIA Officer

Enclosure: 231 pages