UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF MASSACHUSETTS and LAWYERS FOR CIVIL RIGHTS,<br><br>     Plaintiffs,<br><br>     v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>     Defendants. | C.A. No. 19-12564-MBB |

## DEFENDANT ICE'S STATUS REPORT AND RESPONSE
## TO PLAINTIFFS' PROPOSED ORDER

Plaintiffs in this action submitted a Proposed Order to the Court on August 3, 2020, regarding Defendants' production of documents in this Freedom of Information Act (FOIA) case. On August 5, 2020, the Court ordered Defendants to file written responses to Plaintiffs' Proposed Order. On August 7, 2020, pursuant to the Court Order, the parties met and conferred. At the outset of the conference, ICE provided an overview regarding how it searches for and processes FOIA requests for records. ICE explained that it was unable to search in response to the manner in which Plaintiffs had structured their requests. ICE requested that Plaintiff ACLU clarify its record requests and the parties discussed ways to define and narrow the subparts of

Plaintiff's Gang Profiling FOIA requests to allow ICE to execute feasible searches for records. After the conference, Plaintiffs memorialized their understanding of the substantive information discussed during the conference.  In response, ICE memorialized its understanding of the discussion, providing a summary of the discussion regarding the WSO FOIA request and providing a detailed response to each subpart of the Gang Profiling FOIA request.  ICE requested that Plaintiffs notify ICE with respect to their preferred course of action regarding the proposed options for processing records relating to the WSO FOIA request no later than August 19, 2020, so that ICE is able to adjust and plan accordingly.  Additionally, ICE notes that Plaintiff ACLU is deliberating regarding the proposed narrowing of the Gang Profiling requests and anticipates there will be another conference between the parties regarding these issues.

With respect to the specific paragraphs of the Order proposed by Plaintiffs, ICE notifies the Court as follows:

**1.  Plaintiffs proposed that Defendants produce to Plaintiffs all documents responsive to the WSO Request by August 19, 2020.**

ICE is unable to meet the deadline that Plaintiffs seek to have imposed and attaches hereto its declaration regarding the extent of its overall FOIA workload, staffing, and explanation as to how ICE performs searches and processes records.  ICE is willing to work with Plaintiffs to reduce the universe of records responsive to the WSO FOIA request, which is approximately 4,900 pages of records that have not yet been processed by the ICE FOIA Office.  During the conference, ICE made two proposals to accelerate the record production schedule:  First, ICE offered to increase the processing pace from 500 pages to 750 pages a month.  Second, in observance of the substantial number of <u>draft</u> records collected during these searches, ICE proposed that Plaintiffs amend their WSO FOIA request to request only final versions of records,

thereby eliminating production of any draft records that are subject to 5 U.S.C. 552 § (b)(5) withholdings.  If Plaintiffs agree to this proposal, Plaintiff would forego the August 2020 monthly record production to afford ICE time to review the approximate 4,900 pages of unprocessed records, identify final versions of records, and then process up to 1,000 pages of the final versions on or before September 30, 2020.   As mentioned, ICE has requested that Plaintiffs respond to this proposal by Wednesday, August 19, 2020, to allow ICE to adjust and plan accordingly.

2. **Plaintiff proposed that the Court order Defendants produce discrete categories of documents responsive to the Gang Profiling Request by August 31, 2020:  #4 (East Boston High School documents), #7 (Operation Matador), and #10 (policy directives).**

As noted, ICE explained to Plaintiff ACLU in detail how the agency tasks searches and processes records in FOIA litigations.  In general, ICE tasks all the responsible Program Offices related to the requests, units, offices, and in some instances, individuals.  These units forward any potentially responsive records to the ICE FOIA Office to process under a single case tracking number.  If there is more than one FOIA request at issue in a litigation, as in this action, the records located by the various program offices in response to the requests are co-mingled when they are collectively returned to the FOIA Office for processing.  FOIA does not require ICE FOIA Office to track the number of responsive records per FOIA request in a litigation concerning multiple FOIA requests nor to provide the number of pages of records that correspond to each subpart of a FOIA request.  Even if ICE did track the number of pages that were responsive to a FOIA request in a litigation involving multiple FOIA requests, or track the number of pages that correspond to each subpart of a FOIA request, it is likely that a single record could be responsive to multiple subparts of a FOIA request.

In addition, during the conference, ICE explained to Plaintiff ACLU why each subpart of the Gang Profiling FOIA request was overly broad and/or did not adequately identify the records sought.

In June 2020, ICE submitted a proposed narrowing of the subparts of the Gang Profiling FOIA request, but Plaintiffs' counsel declined ICE's proposed narrowing in full.  Instead, Plaintiff proposed discrete categories for subparts, 4, 7, and 10 of the Gang Profiling FOIA request.  ICE affirms that it completed the search of item 10 of the Gang Profiling FOIA request as documented in its administrative records response to Plaintiff before the Complaint was filed and this request is not overly broad or unclear.

With respect to subpart 4, at the meet and confer, Plaintiffs proposed narrowing the scope to a search for "East Boston High School documents," which is narrower than what ICE proposed in June 2020.  The narrowing that Plaintiffs had proposed of "East Boston High School documents" failed to provide clarity to ICE regarding which program offices, units or individuals should be tasked to search for communications with non-ICE employees.  During the August 7 conference, Plaintiff's counsel informed ICE that the non-ICE employees would have likely had communications with SA Connolly, members of the HSI gang unit, and members of Boston ERO.  With this clarification, ICE can task the respective program offices to search for responsive records.  However, ICE awaits tasking the search because Plaintiff's counsel indicated they would discuss the breadth of the request internally and provide a more specific description of the records they are seeking.

With respect to subpart 7, Plaintiff's request sought: "All documents related to Operation Matador or any other enforcement operations targeting gang members in Massachusetts." Plaintiff's proposed narrowing of "Operation Matador" did not address ICE's concerns with

respect to tasking which program offices to search.  During the conference, ICE explained that this request is overly broad and ICE is not able to identify the records that Plaintiff is seeking. ICE explained that Operation Matador is a Long Island, New York, operation involving multiple federal and state law enforcement agencies.  Operation Matador is not a Massachusetts operation, and "any other enforcement operations," is insufficiently specific to enable a search. During the meet and confer Plaintiff Counsel requested searching "matador" AND ("school" or "high school" or "HS" or "BPD" or "Boston" or "Massachusetts").  Based on Plaintiff's proposed narrowing during the conference, ICE will task the appropriate program office to search.

The Parties discussed each subpart of the Gang Profiling FOIA request.  ICE asked for clarification as to the records that Plaintiff sought and after hearing Plaintiff's response offered suggestions on how to modify each subpart of the Gang Profiling request to facilitate a workable search.  ICE suggested narrowing the searches by identifying the specific types of records that Plaintiff is seeking, using date ranges, using search terms, and/or identifying units/offices/ICE employees that/who can be tasked to search.

3. **Plaintiffs proposed the Court order Defendants produce a Vaughn index for the WSO Production by September 14, 2020; and Case 1:19-cv-12564-MBB Document 36-3 Filed 08/04/20.**

ICE is not required to produce a Vaughn index to the Court until a Motion for Summary Judgement is filed.   ICE informs Plaintiffs of the redactions taken and the applicable FOIA exemptions on the face of the documents at the time of production.

4. **Plaintiffs proposed that the Court order Defendants to report the number of outstanding documents and pages responsive to each Part (Parts 1-14) of the Gang Profiling Request by August 31, 2020.**

As noted, the FOIA does not require ICE to provide a page count of records corresponding to each subpart of Plaintiff's FOIA requests. As noted, ICE has been unable to search and has not searched for records responsive to the Gang Profiling FOIA requests except for subpart 10, because the subparts as originally drafted are overly broad and do not adequately identify the records Plaintiff is seeking. ICE will conduct searches after the parties appropriately narrow and frame the subparts of the Gang Profiling request. ICE is committed to working with Plaintiff to narrow the subparts of the Gang Profiling request to identify and develop searches targeting the requested records, and to produce all responsive non-exempt records subject to applicable withholdings to the Plaintiffs.

Attached hereto is a summary of the August 7 conference prepared by ICE and forwarded to Plaintiffs' counsel in furtherance of further productive conference.

                                              Respectfully Submitted,

                                              ANDREW E. LELLING

                                              United States Attorney

By:    */s/ Anita Johnson*
        ANITA JOHNSON
        Assistant United States Attorney
        United States Attorney's Office
        John Joseph Moakley U.S. Courthouse
        One Courthouse Way - Suite 9200
        Boston, MA 02210
        (617) 748-3266
        Anita.Johnson@usdoj.gov

## CERTIFICATE OF SERVICE

      I certify that this document will be filed through the electronic filing system of the Court, which system will serve counsel for Plaintiffs electronically, on this seventeenth day of August 2020.

*/s/ Anita Johnson*
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that this document will be filed through the electronic filing system of the Court, which system will serve counsel for Plaintiffs electronically, on this seventeenth day of August 2020.

*/s/ Anita Johnson*
Assistant United States Attorney