UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF MASSACHUSETTS and LAWYERS FOR CIVIL RIGHTS,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Defendants. | C.A. No. 19-12564-MBB |

**DEFENDANT ICE'S STATUS REPORT**

Defendant, Department of Homeland Security, Immigration and Customs Enforcement, reviewed 4913 pages of documents in connection with the remainder of Plaintiffs' Warrant Service Officer request. Of these, 4667 pages were deemed non-responsive to Plaintiffs' request or were duplicative and 64 pages were produced to Plaintiffs. Thirty-nine documents were withheld in full pursuant to 5 U.S.C. § 552(b) exemptions, and 128 were withheld in part due to exemptions. The applicable exemptions were (b)(5), deliberative process; (b)(6), personnel files and similar files disclosure of which would constitute a clearly unwarranted invasion of personal privacy; (b)7(C),unwarranted invasion of personal privacy; and (b)7(E), records that would disclose techniques and procedures for law enforcement investigations or prosecutions if disclosure could reasonably be expected to risk circumvention of the law.

At this time, Defendant has disclosed all appropriate documents responsive to the Warrant Service Officers request, policy documents responsive to the Gang Profiling Request, and documents responsive to the Gang Profiling Request that are DHS Office of Intelligence and Analysis documents, producing approximately 6000 pages to Plaintiffs.

Remaining are a number of requests for ICE documents relating to Gang Profiling. The Gang Profiling request, as set forth in the Complaint, is wildly broad and inexact, and appears to be a fishing expedition rather than a focused request for documents relating to specific concerns of Plaintiff ACLU.   The parties have held one conference seeking to achieve more exact and tailored requests -- such that ICE could produce responsive documents within a reasonable period of time -- and to clear up confusion regarding what responsive documents ICE might have and not have.  The conference was useful and resulted in some narrowing of the requests. The parties believe that another conference is warranted and expect to confer within the next month.

Defendant is opposed to the Court considering any motion for partial summary judgment at this time, that is, any dispositive motion regarding only a part of the documents requested in the Complaint.  A dispositive motion in an FOIA case is appropriate only at the conclusion of production.   Piecemeal briefing and determination of the FOIA issues in the case are distracting and inefficient, and the Court has not considered partial motions for summary judgment, most recently in *Hawkinson v. ICE,* CA 20-10190 (Judge Saylor).  In addition, ICE is not required to produce a Vaughn index to the Court until a motion for summary judgment is filed, if it is.  It is ICE's universal practice not to produce a Vaughn index until a dispositive motion is filed.  In the meantime, ICE has annotated the documents on which there are redactions with a specific reference to the FOIA exemption applied for each redaction.

ICE proposes to review 750 responsive documents per month, which is fifty percent more than its standard review practice, until the balance of the agreed-upon Gang Profiling requests is met. ICE is unable to meet any greater review requirement due to the heavy load of FOIA requests filed and loss of significant review personnel. Plaintiffs pay a big time price when their requests are very general and large in scope, and it is hoped that continued discussions will result in tailored and focused requests for fewer documents that ICE can process in a shorter period of time.

                                      Respectfully Submitted,

                                      ANDREW E. LELLING
                                      United States Attorney

By:    */s/ Anita Johnson*
        ANITA JOHNSON
        Assistant United States Attorney
        United States Attorney's Office
        John Joseph Moakley U.S. Courthouse
        One Courthouse Way - Suite 9200
        Boston, MA 02210
        (617) 748-3266
        Anita.Johnson@usdoj.gov

CERTIFICATE OF SERVICE

I certify that this document will be filed through the electronic filing system of the Court, which system will serve counsel for Plaintiffs electronically, on this thirteenth day of October 2020.

                                      */s/ Anita Johnson*
                                      Assistant United States Attorney