# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF MASSACHUSETTS and LAWYERS FOR CIVIL RIGHTS,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. 19-12564-MBB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT STATUS REPORT

The parties have made significant progress since the last status conference. Consistent with the Court's orders, the parties met and conferred regarding the outstanding requests and reached agreements on the majority of those requests. Defendants report that all searches for the Gang Profiling Request have now been tasked out to the relevant departments, with the exception of Parts 2 and 3, which relate to correspondence with HSI Special Agent Sean Connolly. The parties are continuing to discuss those two requests in good faith and believe that they can reach an agreement in the near future. The parties request that the Court set a further status conference in January 2021, by which time the parties hope to have reached an agreement on the final two requests.

Regarding the production schedule, the parties' positions are as follows:

I.      **Plaintiffs' Position**

This case has been pending since December 2019. Plaintiffs have worked diligently with Defendants to refine their searches, but Defendants nonetheless estimate that at their current pace of 750 pages per month, it will take more than 17 months to complete the production. At that rate, the parties would be unlikely to complete summary judgment briefing until late 2022. Such an extended timeline is untenable. Plaintiffs respectfully ask that the Court order Defendants to review 750 ***documents***, rather than pages, per month, or, in the alternative, order the Defendants to complete the production by a date certain.

Thirty minutes prior to the filing deadline for this status report, Defendants took the position for the first time that the Court lacks the authority to impose a production schedule in this case as part of a status conference absent a motion for a preliminary injunction. Plaintiffs disagree. As the Court will recall, the Court has heard arguments and given orders regarding the production schedule at every status conference since the beginning of this case. *See, e.g.*, Dkt. 34 (setting deadline for the government to produce policy documents as stated on the record during status conference).

II.     **Defendants' Position**

Plaintiffs improperly seek highly extraordinary injunctive relief, through a status report, that would require a federal agency to process and release documents at speeds that are well beyond its current capacity, as described in a detailed declaration from the agency's head FOIA officer. The Court should deny Plaintiffs' request for at least the following three reasons.

*First*, Plaintiffs' request violates the federal rules.  "A request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1).  Here, Plaintiffs seek a court order requiring Defendants to process and release documents *through a status report*.  If Plaintiffs insist on seeking this relief,

they should comply with the federal rules and file a motion.  Because they have not done so, the Court should reject their request at this time.

*Second*, Plaintiffs seek a form of highly extraordinary injunctive relief without even attempting to comply with Rule 65 of the Federal Rules of Civil Procedure or governing case law. *See, e.g.*, *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (describing requirements for injunctive relief).  At bottom, Plaintiffs seek "affirmative action by the non-moving party in advance of trial"—a type of injunctive relief that is known as "a mandatory preliminary injunction."  *Braintree Labs., Inc. v. Citigroup Glob. Markets Inc.*, 622 F.3d 36, 40–41 (1st Cir. 2010) (comparing prohibitory and mandatory injunctions).  Yet, Plaintiffs have not even attempted to demonstrate the necessity for any type of injunction, let alone the highly extraordinary type of injunction they seek here.  Until Plaintiffs support their request in the manner required by Rule 65 and governing case law, the Court should deny their request.

*Third*, even if Plaintiffs had filed a motion that attempted the demonstrate the grounds for the relief they seek (and they did not), their request should be rejected for the reasons described in Defendants' declaration filed on August 18, 2020.  Doc. # 43.  In that declaration, ICE's head FOIA officer described in detail why it is difficult for ICE to process and review greater than 500 pages per month.  *See generally id.*  Defendants will not rehash those arguments here, other than to say that they have offered Plaintiffs a potential compromise of processing and reviewing 750 pages per month—a 50% increase.  Plaintiffs, however, rejected that compromise.  With that exception, Defendants incorporate their earlier declaration into this status report.

In addition, Defendants wish to inform the Court that the challenges in processing, reviewing, and releasing the requested documents in this case—in particular, HSI Special Agent Sean Connolly's emails—are not merely matters of staffing.  Rather, the challenges with respect

to those emails in particular center upon mission integrity as well as the health and safety of Special Agent Connolly, other special agents, and the public.  Special Agent Connolly is on active duty, which requires that HSI special agents perform an extra level of review over his emails to ensure that their release would not jeopardize HSI's law enforcement mission as well as the safety of law enforcement and the public.   Because rushing through that process is ill-advised and potentially dangerous, Defendants are not able to agree to process more than 750 page per month.

Lastly, if Plaintiffs want Special Agent Connolly's emails on a faster timeline, they can propose *reasonable* search criteria that would shrink the universal of reviewable emails.  As things stand now, Plaintiffs' search criteria are unreasonable both in terms of duration and search terms. Indeed, they seek years of Special Agent Connolly's emails with numerous search terms (one particular search has 34 search terms, which is highly unusual).  If Plaintiffs propose reasonable search criteria, there may be no need for this Court to intervene at all.

Date: December 14, 2020                    Respectfully Submitted,


                                           */s/ Lauren Godles Milgroom*
                                           Joel Fleming (BBO# 685285)
                                           Lauren Godles Milgroom (BBO# 698743)
                                           Block & Leviton LLP
                                           260 Franklin St., Suite 1860
                                           Boston, MA 02110
                                           (617) 398-5600
                                           joel@blockesq.com
                                           lauren@blockesq.com

                                           *Attorneys for Plaintiffs, American Civil Liberties Union Foundation of Massachusetts and Lawyers for Civil Rights*

                                           Matthew R. Segal (BBO #654489)
                                           Daniel L. McFadden (BBO #676612)
                                           American Civil Liberties Union
                                           Foundation of Massachusetts, Inc.
                                           211 Congress Street

Boston, MA 02110
(617) 482-3170
msegal@aclum.org
dmcfadden@aclum.org
Oren Nimni (BBO #691821)
Lawyers for Civil Rights
61 Batterymarch St.
Boston, MA 02110
(617) 988-0606
onimni@lawyersforcivilrights.org


/s/   *Jason Weida*
Jason Weida
Assistant United States Attorney
United States Attorney's Office
John Joseph Moakley U.S. Courthouse
One Courthouse Way – Suite 9200
Boston, MA 02210
(617) 748-3266
Jason.Weida@usdoj.gov

*Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing will be filed through the electronic filing system of the

Court, which system will serve counsel of record, on December 14, 2020.


*/s/ Lauren Godles Milgroom*
Lauren Godles Milgroom