UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF MASSACHUSETTS and LAWYERS FOR CIVIL RIGHTS,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Defendants. | C.A. No. 19-12564-MBB |

**JOINT STATUS REPORT**

Since the last status conference, the parties have been diligently negotiating search terms for email searches. The parties are on the cusp of an agreement regarding those search terms, and expect to have negotiations completed and an agreement reached as early as this week. Defendants anticipate re-starting rolling releases of materials at the end of this month, with monthly productions to follow. Those releases would include materials responsive to all outstanding request, including requests seeking emails.

Regarding the production schedule, the parties' positions are as follows:

I.  **Plaintiffs' Position**

This case has been pending since December 2019, and Plaintiffs have not received a single document since September of last year. Plaintiffs reiterate their request from the previous status report that Defendants review and produce 750 *documents* per month, at which pace Plaintiffs

estimate the entire production could be complete in approximately five months. In the alternative, Plaintiffs request that the Court order Defendants to complete production in five months.

Plaintiffs also maintain their position from the prior status report that the Court can and should continue to hear arguments and issue orders regarding the production schedule in this matter.

## II.     Defendants' Position

Regarding timing of the releases of the outstanding requests, Defendants reiterate their previous position.  That is, Plaintiffs improperly seek highly extraordinary injunctive relief, through a status report, that would require a federal agency to process and release documents at speeds that are well beyond its current capacity, as described in a detailed declaration from the agency's head FOIA officer.  The Court should deny Plaintiffs' request for at least the following three reasons.

*First*, Plaintiffs' request violates the federal rules.  "A request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1).  Here, Plaintiffs seek a court order requiring Defendants to process and release documents *through a status report*.  If Plaintiffs insist on seeking this relief, they should comply with the federal rules and file a motion.  Because they have not done so, the Court should reject their request at this time.

*Second*, Plaintiffs seek a form of highly extraordinary injunctive relief without even attempting to comply with Rule 65 of the Federal Rules of Civil Procedure or governing case law. *See, e.g.*, *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (describing requirements for injunctive relief).  At bottom, Plaintiffs seek "affirmative action by the non-moving party in advance of trial"—a type of injunctive relief that is known as "a mandatory preliminary injunction." *Braintree Labs., Inc. v. Citigroup Glob. Markets Inc.*, 622 F.3d 36, 40–41 (1st Cir. 2010) (comparing prohibitory and mandatory injunctions).  Yet, Plaintiffs have not even attempted

to demonstrate the necessity for any type of injunction, let alone the highly extraordinary type of injunction they seek here. Until Plaintiffs support their request in the manner required by Rule 65 and governing case law, the Court should deny their request.

*Third*, even if Plaintiffs had filed a motion that attempted the demonstrate the grounds for the relief they seek (and they did not), their request should be rejected for the reasons described in Defendants' declaration filed on August 18, 2020. Doc. # 43. In that declaration, ICE's head FOIA officer described in detail why it is difficult for ICE to process and review greater than 500 pages per month. *See generally id.* Defendants will not rehash those arguments here, other than to say that they have offered Plaintiffs a potential compromise of processing and reviewing 750 pages per month—a 50% increase. Plaintiffs, however, rejected that compromise. With that exception, Defendants incorporate their earlier declaration into this status report.

In addition, Defendants wish to inform the Court that the challenges in processing, reviewing, and releasing the requested documents in this case—in particular, HSI Special Agent Sean Connolly's emails—are not merely matters of staffing. Rather, the challenges with respect to those emails in particular center upon mission integrity as well as the health and safety of Special Agent Connolly, other special agents, and the public. Special Agent Connolly is on active duty, which requires that HSI special agents perform an extra level of review over his emails to ensure that their release would not jeopardize HSI's law enforcement mission as well as the safety of law enforcement and the public. Because rushing through that process is ill-advised and potentially dangerous, Defendants are not able to agree to process more than 750 page per month.

Date: February 2, 2021                                Respectfully Submitted,

*/s/ Lauren Godles Milgroom*
Joel Fleming (BBO# 685285)
Lauren Godles Milgroom (BBO# 698743)
Block & Leviton LLP
260 Franklin St., Suite 1860
Boston, MA 02110
(617) 398-5600
joel@blockesq.com
lauren@blockesq.com

*Attorneys for Plaintiffs, American Civil Liberties Union Foundation of Massachusetts and Lawyers for Civil Rights*

Matthew R. Segal (BBO #654489)
Daniel L. McFadden (BBO #676612)
American Civil Liberties Union
Foundation of Massachusetts, Inc.
211 Congress Street
Boston, MA 02110
(617) 482-3170
msegal@aclum.org
dmcfadden@aclum.org

Oren Nimni (BBO #691821)
Lawyers for Civil Rights
61 Batterymarch St.
Boston, MA 02110
(617) 988-0606
onimni@lawyersforcivilrights.org

                         */s/ Jason Weida*
                         Jason Weida
                         Assistant United States Attorney
                         United States Attorney's Office
                         John Joseph Moakley U.S. Courthouse
                         One Courthouse Way – Suite 9200
                         Boston, MA 02210
                         (617) 748-3266
                         Jason.Weida@usdoj.gov

                         *Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing will be filed through the electronic filing system of the Court, which system will serve counsel of record, on February 2, 2021.

                                            */s/ Lauren Godles Milgroom*
                                            Lauren Godles Milgroom