## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ) | |
| AMERICAN CIVIL LIBERTIES UNION OF ) | |
| MASSACHUSETTS and LAWYERS FOR ) | |
| CIVIL RIGHTS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | C.A. No. 19-12564-MBB |
| v. ) | |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| HOMELAND SECURITY, IMMIGRATION ) | |
| AND CUSTOMS ENFORCEMENT, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## JOINT STATUS REPORT

Since the last status conference on April 5, ICE has made two productions to Plaintiffs. For the first production, dated April 30, 2021, ICE reviewed 792 pages of records and deemed 94 pages to be non-responsive or duplicative and sent 10 pages to another agency for further review. ICE withheld 688 pages, in part or in full, pursuant to FOIA Exemptions 5, 6, 7(A), 7(C), 7(E) and 7(F). For the second production, dated May 28, 2021, ICE reviewed 783 pages of records and deemed 86 pages to be non-responsive or duplicative and sent 1 page to another agency for review. ICE withheld, in part or in full, 696 pages pursuant to FOIA Exemptions 5, 6, 7(A), 7(C), 7(E) and 7(F). The parties have continued to meet and confer in good faith. Subject to the Court's approval, the parties have agreed that 1) Defendants will continue to make monthly, rolling productions with a deadline for completion by March 15, 2022; and 2) the parties need not submit status reports in the interim.

**Plaintiffs' Position**

Plaintiffs have agreed to give Defendants until March 2022—more than two years from the date of the complaint—to complete their production. Plaintiffs have also committed to continued meet-and-confer sessions with Defendants regarding the scope of any outstanding disputes as Defendants make rolling productions. Nonetheless, Defendants advocate for a case schedule that would extend summary judgment briefing through at least October of next year—just shy of the three-year deadline for this case in December 2022. To ensure a timely resolution of this case, Plaintiffs respectfully request that the Court order the following deadlines,[1] which give Defendants more than 10 months from today to prepare their motion for summary judgment and are almost *two years later* than Plaintiffs originally requested:

| Event | Plaintiffs' Original Proposed Deadlines[2] | Plaintiffs' Revised Proposed Deadlines |
|---|---|---|
| Deadline for Defendants to complete document production | April 10, 2020 | **March 15, 2022** |
| Deadline for Defendants to file their motion for summary judgment | May 11, 2020 | **April 15, 2022** |
| Deadline for Plaintiffs to file their opposition and any cross-motion for summary judgment | June 1, 2020 | **May 6, 2022** |
| Deadline for Defendants to file their opposition to Plaintiffs' motion for summary judgment | June 22, 2020 | **May 27, 2022** |
| Deadline for Plaintiffs to file reply in support of their motion for summary judgment | July 6, 2020 | **June 10, 2022** |

---

[1] Plaintiffs have proposed this timetable to Defendants but were unable to secure agreement, with the exception of the March 15, 2022 deadline for document production.

[2] Plaintiffs initially proposed these deadlines in the Joint Statement filed pursuant to Rule 16.1(D) on March 2, 2020. D. 13 at 2.

Plaintiffs would also like to raise the following concern at the status conference. In addition to other extensive redactions in the production, which Plaintiffs have previously brought to the Court's attention, in the most recent production, ICE redacted the dates on all emails, purportedly pursuant to FOIA Exemptions 6 and 7(C).[3] Those Exemptions protect against "unwarranted invasion[s] of personal privacy" and are inapplicable to the *dates* on which ICE officers sent particular communications—especially where the  sender, recipient, and all other identifying information is redacted, as seen in the attached examples. The redactions are unjustifiable under FOIA, and Plaintiffs believe that resolution of this issue now would save time at the summary judgment stage.

**<u>Defendants' Position</u>**

This case is now proceeding at a steady pace and has been since the beginning of this year. To date, Defendants have made seven releases of documents to Plaintiffs.  One of Plaintiffs' FOIA requests is now complete.  The other FOIA request is subject to rolling monthly releases that began in February 2021 and will be complete by March 2022, per the agreement of the parties as reflected in the above joint statement.

The agreement to complete rolling releases by March 2022 was a compromise.  Complying with that deadline will impose burdens on Defendants, with require the allocation of additional resources to this case, and will leave less time for Defendants to confer with Plaintiffs following each release to address any concerns they may have with redactions.  When agencies are busy

---

[3] FOIA Exemption 6 exempts from disclosure information about individuals in "personnel and medical files and similar files" when disclosure "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).

Exemption 7(C) exempts "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).

processing and releasing documents, as Defendants will be in this case, it is common for the parties to have a meet-and-confer period following the last release in order to minimize the scope of the disputes that courts must decide on summary judgment.  Following that period, both parties are able to know what the disputes are and can tailor their summary judgment papers accordingly.

Plaintiffs, however, want this Court to impose a summary judgment deadline of April 15, 2022—a mere 30 days following the deadline for the last rolling release of documents.  That proposal will not allow the parties to participate in any meaningful meet-and-confer following the release of documents.  Without a meet-and-confer period, Defendants will not be able to tailor their summary judgment papers in a way that would provide for the efficient resolution of this case (let alone provide Defendants will adequate time to draft a *Vaughn* index for the entire universe of documents in this case).

Defendants propose a 120-day meet-and-confer period following the last release of documents.  If the parties are not able to resolve their disputes without court intervention, Defendants would move for summary judgment at the end of that 120-period.  A 120-day period would allow the parties to narrow the range of disputes before moving for summary judgment, if not resolve this case outright.  While Defendants' proposal is 90-days longer than Plaintiffs' proposal, the efficiencies gained by presenting a narrower range of disputes to this Court likely will result in a faster resolution to this case than would be possible under Plaintiffs' proposal.

Date: June 2, 2021                          Respectfully Submitted,


                                            */s/ Lauren Godles Milgroom*
                                            Joel Fleming (BBO# 685285)
                                            Lauren Godles Milgroom (BBO# 698743)
                                            Block & Leviton LLP
                                            260 Franklin St., Suite 1860
                                            Boston, MA 02110
                                            (617) 398-5600
                                            joel@blockesq.com
                                            lauren@blockesq.com

                                            *Attorneys for Plaintiffs, American Civil
                                            Liberties Union Foundation of
                                            Massachusetts and Lawyers for Civil Rights*

                                            Matthew R. Segal (BBO #654489)
                                            Daniel L. McFadden (BBO #676612)
                                            American Civil Liberties Union
                                            Foundation of Massachusetts, Inc.
                                            211 Congress Street
                                            Boston, MA 02110
                                            (617) 482-3170
                                            msegal@aclum.org
                                            dmcfadden@aclum.org

                                            Erin Fowler (BBO #707188)
                                            Lawyers for Civil Rights
                                            61 Batterymarch St.
                                            Boston, MA 02110
                                            (617) 482-1145
                                            efowler@lawyersforcivilrights.org

*/s/ Jason Weida*_____
Jason Weida
Assistant United States Attorney
United States Attorney's Office
John Joseph Moakley U.S. Courthouse
One Courthouse Way – Suite 9200
Boston, MA 02210
(617) 748-3266
Jason.Weida@usdoj.gov

*Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing will be filed through the electronic filing system of the Court, which system will serve counsel of record, on June 2, 2021.


*/s/ Lauren Godles Milgroom*
Lauren Godles Milgroom